FILED

APR 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC CHARLES RODNEY K'NAPP, | No. 14-16243 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-01895-LJO-MJS |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted April 7, 2015[**]

Before:     FISHER, TALLMAN, and NGUYEN, Circuit Judges.

California state prisoner Eric Charles Rodney K'napp appeals pro se from

the district court's judgment dismissing his action alleging federal claims related to

the conditions of his confinement. We have jurisdiction under 28 U.S.C. § 1291.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review for an abuse of discretion a dismissal for failure to comply with an order to file an amended complaint that comports with Federal Rule of Civil Procedure 8. *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). We affirm.

The district court did not abuse its discretion by dismissing K'napp's action because, after being warned of the possibility of dismissal, Knapp filed another complaint that was not in compliance with the district court's order and Rule 8. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (setting forth factors relevant to dismissal for failure to comply with a court order, and explaining that, although dismissal is a harsh penalty, a district court's dismissal should not be disturbed unless there is a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors" (citations and internal quotation marks omitted)); *see also McHenry*, 84 F.3d at 1177 (Rule 8 requires that each averment of a pleading be simple, concise, and direct, stating which defendant is liable to the plaintiff for which wrong).

We reject K'napp's contentions that he was not required to comply with the magistrate judge's orders, and that the district court judge and magistrate judge demonstrated bias and failed to consider his pro se status.

We do not consider arguments and allegations raised for the first time on

14-16243

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**